B-02-029

United States District Court
Southern District of Texas
FILED

FEB 14 2002

Michael N. Milby
United States District Court
Southern District FILED

JAN 25 2002 LF

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE _Southern_ DISTRICT OF TEXAS

_Brownsville_ Division

## PETITION FOR A WRIT OF HABEAS CORPUS BY A
## PERSON IN STATE CUSTODY

_Carlos A. Rysa_

PETITIONER
(Full name of Petitioner)

vs.

_Anthony P. Troian_

RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of petitioner)

_Jesse R. Dawson State Jail_

CURRENT PLACE OF CONFINEMENT

_# 1028233_

PRISONER ID NUMBER

H- 02-0287

CASE NUMBER
(Supplied by the Clerk of the District Court)

---

## INSTRUCTIONS - READ CAREFULLY

1.    The petition must be legibly handwritten or typewritten, and signed by the petitioner, under
      penalty of perjury. Any false statement of an important fact may lead to prosecution for
      perjury. Answer all questions in the proper space on the form.

2.    Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal
      authorities. Any additional arguments or facts you want to present must be in a separate
      memorandum.

3.    When the Clerk of Court receives the $5.00 filing fee, the Clerk will file your petition if it
      is in proper order.

4.    If you do not have the necessary filing fee, you may ask permission to proceed *in forma
      pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this
      petition to show that you cannot prepay the fees and costs, and (2) if you are confined in
      TDCJ-ID, you must send in a certified *In Forma Pauperis* Data Sheet from the institution
      in which you are confined. If you are in an institution other than TDCJ-ID, you must send
      in a certificate completed by an authorized officer at your institution certifying the amount
      of money you have on deposit at that institution. If you have access or have had access to
      enough funds to pay the filing fee, then you must pay the filing fee.

5.  Only judgments entered by one court may be challenged in a single petition. If you want to challenge judgments entered by different courts, either in the same state or in different states, you must file separate petitions as to each court.

6.  Include all your grounds for relief and all the facts that support each ground for relief in this petition.

7.  When you have finished filling out the petition, mail <u>the original and two copies</u> to the Clerk of the United States District Court for the federal district within which the State court was held which convicted and sentenced you, or to the federal district in which you are in custody. A "VENUE LIST," which lists U.S. District Courts in Texas, their divisions, and the addresses for the clerk's office for each division, is posted in your unit law library. You may use this list to decide where to mail your petition.

8.  Petitions that do not meet these instructions may be returned to you.

---

## PETITION

### What are you challenging? (Check only one)

☐   A judgment of conviction or sentence,    (Answer Questions 1-4, 5-12 & 20-23)
     probation or deferred-adjudication probation

☐   A parole revocation proceeding.    (Answer Questions 1-4, 13-14, & 20-23)

☐   A disciplinary proceeding.    (Answer Questions 1-4, 15-19 & 20-23)

### All petitioners must answer questions 1-4:

1.  Name and location of the court (district and county) which entered the conviction and sentence that you are presently serving or that is under attack: _357th District Court of Cameron County, TEXAS_

2.  Date of judgment of conviction: _August 30, 2000_

3.  Length of sentence: _Eight (8) years T.D.C.J-ID_

4.  Nature of offense and docket number (if known): _Possession of MARIHUANA_

---

### Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:

5.  What was your plea? (Check one)

   ☑   Not Guilty      ☐   Guilty      ☐   Nolo contendere

6.  Kind of trial: (Check one)   ☑   Jury      ☐   Judge only

7. Did you testify at the trial?   ☐   Yes        ☑   No

8. Did you appeal the judgment of conviction?        ☑   Yes        ☐   No

9. If you did appeal, in what appellate court did you file your direct appeal?

_Thirteenth Court of Appeals_ Cause Number (if known) _99 - CR - 12016 - E_

What was the result of your direct appeal (affirmed, modified or reversed): _Affirmed_

What was the date of that decision?   _May 17, 2001_

If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

Result: _Counsel did not Advise client of his Right to file PDR._

Date of result: _N/A_ Cause Number (if known): _N/A_

If you filed a petition for *writ of certiorari* with the United States Supreme Court, answer the following:

Result: _N/A_

Date of result: _N/A_

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state application for writ of habeas corpus that you may have filed.

   ☐   Yes        ☑   No

11. If your answer to 10 is "Yes," give the following information:

Name of court: _____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court.

_____

Grounds raised: _____

_____

Date of final decision: _____

Name of court that issued the final decision: _____

As to any *second* petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

_____

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court.

_____

Grounds raised: _____

_____

_____

Date of final decision: _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications, or motions, please attach an additional sheet of paper and give the same information about each petition, application, or motion.*

12.   Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?

☐   Yes        ☑   No

(a)   If your answer is "yes," give the name and location of the court that imposed the sentence to be served in the future: 

_____

_____

(b)   Give the date and length of the sentence to be served in the future: _____

_____

(c)   Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?

☐   Yes        ☐   No

CONTINUED ON NEXT PAGE

**Parole Revocation:**

13.     Date and location of your parole revocation: _____

14.     Have you filed any petitions, applications, or motions in any state or federal court challenging your parole revocation?

        ☐     Yes         ☐     No

If your answer is "yes," complete Question 11 above regarding your parole revocation.

Disciplinary Proceedings:

15.     For your original conviction, was there a finding that you used or exhibited a deadly weapon?      ☐ Yes   ☐ No

16.     Are you eligible for mandatory supervised release?   ☐ Yes   ☐ No

17.     Name and location of prison or TDCJ Unit that found you guilty of the disciplinary violation:

      _____

Disciplinary case number: _____

18.     Date you were found guilty of the disciplinary violation: _____

Did you lose previously earned good-time credits?   ☐ Yes   ☐ No

Identify all punishment imposed, including the length of any punishment if applicable, any changes in custody status, and the number of earned good-time credits lost: _____

      _____

19.     Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?

        ☐     Yes         ☐     No

If your answer to Question 19 is "yes," answer the following:

Step 1 Result: _____

      _____

Date of Result: _____

Step 2 Result: _____

      _____

CONTINUED ON NEXT PAGE

Date of Result: _____

## All applicants must answer the remaining questions:

20. State <u>clearly</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

> CAUTION:
>
> Exhaustion of State Remedies: You must ordinarily present your arguments to the highest state court as to each ground before you can proceed in federal court.
> <u>Subsequent Petitions:</u> If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date

Following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement is a separate ground for possible relief. You may raise any grounds, even if not listed below, if you have exhausted your state court remedies. However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you base your belief that you are being held unlawfully.

<u>DO NOT JUST CHECK ONE OR MORE OF THE LISTED GROUNDS</u>. Instead, you must also STATE the SUPPORTING FACTS for ANY ground you rely upon as the basis for your petition.

(a)   Conviction obtained by a plea of guilty which was unlawfully induced, or not made voluntarily, or made without an understanding of the nature of the charge and the consequences of the plea.

(b)   Conviction obtained by the use of a coerced confession.

(c)✓   Conviction obtained by the use of evidence gained from an unconstitutional search and seizure.

(d)✓   Conviction obtained by the use of evidence obtained from an unlawful arrest.

(e)✓   Conviction obtained by a violation of the privilege against self-incrimination.

(f)   Conviction obtained by the prosecution's failure to tell the defendant about evidence favorable to the defendant.

(g)   Conviction obtained by the action of a grand or petit jury which was unconstitutionally selected and impaneled.

(h)   Conviction obtained by a violation of the protection against double jeopardy.

(i)✓   Denial of effective assistance of counsel.

(j)   Denial of the right to appeal.

(k)   Violation of my right to due process in a disciplinary action taken by prison officials.

A.   **GROUND ONE:** Conviction obtained by the use of Evidence Gained from an unconstitutional Search and Seizure

Supporting FACTS (tell your story briefly without citing cases or law):

Border Patrol's Agent Physical manipulation of A bus passenger bag.

B.   **GROUND TWO:** Conviction obtained by the use of Evidence obtained from An unlawful Arrest

Supporting FACTS (tell your story briefly without citing cases or law):

Petitioner did not own suitcase in baggage compartment of bus. Only person or Persons having of such handwritten baggage claim tickets Would have knowledge of such.

C.   **GROUND THREE:** Conviction obtained by a violation of the privilege Against Self-incrimination

Supporting FACTS (tell your story briefly without citing cases or law):

Petitioner who Nervous As to the method officer who conducting himself during the Process, Petitioner may have uttered some statement in the confusion.

D.   **GROUND FOUR:** _Denial of Effective Assistance of Counsel._

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

_Counsel should have filed motion for New Trial, motion to suppress and did not object to Admission of the evidence in the search. No notice that Petitioner would have to produce P.D.R. himself._

21.   Have you previously filed a federal habeas petition attacking the same conviction, parole revocation, or disciplinary proceeding that you are attacking in this petition?

☐   Yes          ☐   No

If your answer is "yes," give the date on which <u>each</u> petition was filed, the federal court in which it was filed, and whether the petition was (a) dismissed without prejudice or (b) denied.

_N/A_

22.   Are any of the grounds listed in paragraph 20 above presented for the first time in this petition?

☐   Yes          ☒   No

If your answer is "yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

23. Do you have any habeas corpus proceedings or appeals now pending in any court, either state or federal, relating to the judgment or proceeding under attack?

☑ Yes          ☐ No

If "yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.

_Writ of Habeas Corpus filed in Texas Court of_
_Criminal Appeal_

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

_____

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _January 21, 2002_ (month, date, year).

Executed on _January 19, 2002_ (date).

_Carlos M. Reyes_
Signature of Petitioner (required)

Petitioner's current address: _Dawson State Jail, P E Box 650675, Dallas, Tx. 75265_

HABEAS (530) _____   CIVIL RIGHTS (550) _____   CASE# H O 2 - 287 _____

OTHER (540) ___   CIVIL RIGHTS (555) _____   DATE FILED _____ 1-25-02

PLAINTIFF/PETITIONER:   (TDC NO.)   DEFENDANT/RESPONDENT:

Carlos A Reyes # 1028233 v. _____ F Cockrell

PREV.CASES: YES NO)   CR: 1 01cv 211 _____ _____

HC: 1:01cv 0175 _____ _____

**SANCTION/3STRIKE:** no _____        JUDGE _____ Ho

REQUIREMENT NOT MET: _____ nscc's _____

_____ no fea _____

**PET/SIGNED ON:** 1-19-02   **POSTMARKED** 1-22-02   **REC'D/SA/ENTRY** 1-24-02

Am

# United States District Court
## Southern District of Texas

## NOTICE THAT YOUR COMPLAINT HAS BEEN FILED

It was filed on: _1-25-02_

The Style of the case is:

_Carlos A. Reyes_ _____ *versus* _____

The case number: **H- 02-0287**

The Judge assigned is: _Hoyt_

The Magistrate-Judge is: _Motley_

The nature of the claim is: _Habeas Corpus_

Please show the civil action number on the face of all letters. For us to speed the processing of you papers, please address all mail to:

*Special Litigation Section*
United States District Clerk's Office
P.O. Box 61010
Houston, TX 77208-1010

The case will be handled in the ordinary course of the court's work. Writing the court to ask about your case will only *SLOW* the process.

Michael N. Milby, Clerk

By: _____

Deputy Clerk

hr

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
ENTERED

**JAN 0 8 2002**

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| CARLOS A. REYES, | § |
| Plaintiff | § |
| | § |
| v. | § |
| | § |
| | § |
| ANTHONY P. TROIANI | § |
| Defendant | § |

CIVIL ACTION NO. B-01-211

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### BACKGROUND

Carlos A. Reyes brings this civil rights action under 42 U.S.C. § 1983 against his former attorney, Anthony P. Troiani. Mr. Troiani was appointed to represent Mr. Reyes in a criminal matter in Brownsville, Texas. Plaintiff, now incarcerated, claims that the Defendant violated rules governing professional conduct in the handling of Reyes' case. Plaintiff now asks for damages under § 1983 in the form of lost wages, mental anguish, and hardship.

### ANALYSIS

To establish a prima facie case under 42 U.S.C. § 1983, Plaintiff must allege two elements: (1) the action occurred "under color of law" and (2) the action is a deprivation of a constitutional right or a federal statutory right.[1] In the typical § 1983 case, the "under color of law" inquiry is not difficult because plaintiffs sue governmental employees and entities for conduct pursuant to their governmental duties and powers.[2] However, in cases where plaintiffs sue private actors, the Supreme Court has articulated two guideposts. First, any state action under the Fourteenth Amendment is action under color of law.[3] Second, when the defendant is

---

[1] See Parrat v. Taylor, 451 U.S. 527, 535 (1981).

[2] See Tennessee v. Garner, 471 U.S. 1, 5-7 (1985).

[3] See West v. Atkins, 487 U.S. 42, 49-50 (1988).

1

not a government employee, but somehow linked to the government, courts must question whether there was joint action; an intertwined relationship, state encouragement, or a public function performed.

Plaintiff Reyes, in this case, complains that his attorney, Defendant Troiani, violated his unspecified constitutional rights by professional misconduct and legal malpractice resulting in a loss of freedom.  Plaintiff sues for damages consisting of lost wages and pain and suffering.

Defendant Troiani is not a government employee.  His appointment by the state court to represent Plaintiff cannot be construed as governmental action by any of the criteria set out by the Supreme Court.

Public defenders, although paid by the state to defend a criminal suspect, act as an adversary to the state.  The only link between the public defender and the state is money.[4] Likewise, Defendant Troiani is an attorney appointed by the state to represent Plaintiff, and his only connection to the state is money.

Plaintiff, therefore, cannot make a prima facie case under 42 U.S.C. § 1983 and his cause of action should be dismissed.

However, because Petitioner is pro se, his § 1983 claim should be dismissed and his claims should be construed as a 28 U.S.C. § 2254 writ of habeas corpus on grounds of ineffective assistance of counsel.  Petitioner's request to proceed in forma pauperis will be granted by separate order and the state will be ordered to respond.

## RECOMMENDATION

For the reasons state above, Plaintiff's 42 U.S.C. § 1983 claims should be DISMISSED.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association,* 79 F.3d 1415 (5th Cir.

---

[4] See Polk County v. Dodson, 451 U.S. 312, 325 (1981).

2

1996).

DONE at Brownsville, Texas this 7ᵗʰ day of January, 2002.

_____

Felix Recio
United States Magistrate Judge

3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CARLOS A. REYES,<br>Plaintiff | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. B-01-211 |
| ANTHONY P. TROIANI<br>Defendant | §<br>§<br>§ | |

## ORDER

Before the court is the Magistrate Judge's Report and Recommendation in the above-referenced cause of action. After a de novo review of the file and the pleadings filed therein, the Magistrate's Report and Recommendation is hereby ADOPTED, and Plaintiff's case is hereby DISMISSED.

DONE in Brownsville, Texas on this _____ day of _____, 2002.


_____
Hilda Tagle
United States District Judge

4

Case 1:02-cv-00029   Document 1   Filed in TXSD on 01/25/2002   Page 16 of 22

B-C2-.029

CAUSE NO. 99-CR-1206-E

1-92-63

EX PARTE

United States Courts
Southern District of Texas
FILED

JAN 2 5 2002

Michael N. Milby, Clerk

United States District Court
Southern District of Texas
FILED

FEB 1 4 2002

Michael N. Milby
Clerk of Court

Carlos A. Reyes

TEXAS COURT OF

CRIMINAL APPEALS

#92-98756

## APPLICATION FOR WRIT OF HABEAS CORPUS

United States District Court
Southern District of Texas
FILED

FEB 1 4 2002

Michael N. Milby
Clerk of Court

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Carlos A Reyes , Applicant in the
Above styled and Numbered cause and presents the
Application for Writ of HABEAS Corpus pursuant to
Texas Code of Criminal Procedures. Applicant would
show the Court the Following:

## CONFINEMENT AND RESTRAINT

### I.

APPLICANT is unlawfully confined and restrained
of his liberty by Jamie Cockrell  Acting in her offic-
capacity as Director of the Texas Department of
Criminal Justice Institutional Division, hereinafter
referred to as TDCJ-ID, at the Jesse R. Dawson
Unit pursuant to a judgment of conviction. Cause
No. 99-CR-1206-E, in the 357th D. Strict Court in Brownsvi
Cameron County, Texas for the offense of Possessic
of Marihuana. Punishment was accessed at Eight (8
years in T.D.C.J - I.D.

A copy of said judgement and sentence are un-available to the applicant. The original are available to the court through the clerk.

## STATEMENT OF THE CASE

## II.

Applicant was arrested and charged June 18, 199_ then indicted in this cause Number 99-CR-1206-E in A__ Court of Brownsville_____, Texas. Applicant was found Guilty_____ as charged by indictment, on or about A__ 30, 2000. The Eight (8) year confinement from June 18, until about June 18, 2007 in TDCJ-ID. Applicant is prese__ serving time sentenced by court.

## JURISDICTION

## III.

APPLICANT hasn't previously filed a Writ Application in this cause. Consequently giving said court jurisdiction.

## GROUNDS FOR RELIEF

## IV.

APPLICANT was denied effective assistance of couns
because counsel did not file the proper motions a
the proper time and did not object to the admiss
of illegally obtained evidence and he was denied
effective assistance of counsel because he was not
advised of his right to file a PDR. Further Appli
was illegally searched, this bring about an unlaw
ful arrest and violation of the 5th Amendment's
prohibition against self-incrimination.

## ARGUMENTS AND AUTHORITIES

## V

APPLICANT is being denied due process of law, and
denial of due course of law in violation of the constitu
of the United States, and Texas Constitutions.
   Applicant deems said count is in direct violation
of 5th & 6th Amendment rights.
   5th Amendment to the Constitution of the United
States (791) No person shall be held to answer for
a capital or otherwise infamous crime, unless on a
presentment or indictment of a Grand Jury, except
in cases arising in the land or naval forces, or in to
militia, when in actual service in time of war or
public danger; Nor shall any person be subject to
the same offense to be twice put in jeopardy of
life or limb; Nor shall be compelled in any crimina

case to be a witness against himself, nor be deprived of life, liberty or property without due process law, nor shall private property be taken for public use, without just compensation. U.S.C.A. Const. Amend 6. The Sixth (6th) amendment recognize the right to effective assistance of counsel because it envision counsel's playing a role that is critical to the ability of the adversarial system to produ just results, an accused is entitled to be assisted by an attorney, whether retained or appointed, who plays the role necessary to ensure that the trial fair. Appellant argues that courts violated the right to effective assistance when it interferes in certa way with the ability of counsel to make independ decisions about how to conduct the defense. See E.g. Gedova V U.S. 425 U.S. 80, 965. CT. 1330, 47 L.Ed. 2d 592 (1976) Applicant was denied effectiv assistance of counsel because counsel (A) did not f a motion for New trial, (B) did not file a motion suppress and did not object to the admission of illegally obtained evidence. Evidence should be insufficient, See U.S. V. Schnitzer 145 F. 3d. 721 C.A. 5 Tex. 1998, for defendant to be acquitted o basis of insufficient evidence, evidence viewed in light most favorable to jurys verdict must demonstr that rational trier of fact could not have foun essential elements of alleged crime beyond reasonable doubt.

IN White V. State 890 S.W. 2d. 131 TEXARKANA 199 Searches + Seizures, The Constitution of the United States protects individuals from unreasonable searches + Seizures that intrude on reasonable expectations of privacy. See Reyes V. State 910 S. 2d. 585 TX. App. Amend 1998, Four exceptions to general rule that Search must be conducted under Warrant are. 1. Automobile exception 2. Search + Seizure incident to lawful arrest 3. Inventory Search 4. Plain View doctrine – U.S.C.A. Const. Amend 4 Vernon Ann. Const. Art 1 + 9. See McCreight V. State 720 S.W. 2d. 582 Court reversed a drug possession conviction where the drug was found in a desk drawer which, was accessible to several persons. See Brimage V State 918 S.W. 2d 466 (TX. Ct. App. 1994) Searches and Seizures 42.11, "Emergency doc Allows immediate warrantless searches that would otherwise be illegal where there is reasonable cause to believe that absent an immediate search. Serio bodily harm or death may result U.S.C.A. Const. Amend. 4, Vernons Ann Texas Const. Art. 1 § 9. Also See Powell. V. State 5 S.W. 3d. 369 A Search that is reasonable at its inception may violate the 4th Amendment by virtue of its excessive intensity + scope.

It is clear that the need location of Applica to and drugs, supported by case law, is a Violation of Applicants Rights.

Art. 44.37, V.A.C.C.P., mandates that the appellate court, including this court, "shall enter such judgment, and make such orders as the law and the nature of the case may require," and then, intends that pertinent issue thus promptly is solved where a status of finality -- the judgment of the Court of Criminal Appeals shall be final and conclusive -- 44.38, V.A.C.C.P., provides that no further application in the same case can be made for the writ, except in cases specially provided for by law." Art. 826. 919, 882 may appeal during trial "An appeal may be taken by the defendant at any time during the term of the court at which the conviction is had. O.C. 725.

## CONCLUSION

## VI

For the foregoing reasons, Applicant presents issues before this court, to rule on the merits of the claims being made.

WHEREFORE, PREMISES CONSIDERED, Applicant respectfully request this honorable court, to grant his application for Writ of Habeas Corpus.

## PRAYER

WHEREFORE, premises considered, the Applicant request this Honorable Court will grant this petition for Writ Habeas Corpus and not permit the "politics" of in justice to influence the decision of this 357th, Cameron County District Court of Texas.

The Applicant request that the facts of this cause be adequately presented, whereby the Applicant's constitutional right to Due Process liberty and his ability to return to Society Are being violated; in a things it is so moved and prayed

Respectfully submitted,

Carlos A. Reyes
Applicant, Pro SE

TDCJ-ID No. 1028233
Dawson State Jail Facility
P.O. Box 650675
Dallas, Texas 75265-06:

## DECLARATION

I, Carlos A. Reyes, declare, under penalty of perjury that the foregoing is true and correct.

EXECUTED ON this the 21st day of Jan., 200

Carlos A. Reyes
DEFENDANT, Pro SE