otranpr

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS A. REYES, <br> TDCJ #1028233, <br> Petitioner, <br><br> v. <br><br> JANIE COCKRELL, Director, <br> Texas Department of Criminal Justice, <br><br> Respondent.[1] | § § § § § § § § § § § | B-02-029 <br><br> CIVIL ACTION NO. H-02-0287 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED
JAN 3 1 2002
Michael N. Milby, Clerk of Court

United States District Court
Southern District of Texas
FILED
FEB 1 4 2002
Michael N. Milby
Clerk of Court

## ORDER TO TRANSFER

Carlos A. Reyes, an inmate in custody of the Texas Department of Criminal Justice - State Jail Division, filed this action under 28 U.S.C. § 2254, seeking habeas corpus relief from his state court conviction. Reyes proceeds *pro se* and he has neither paid the filing fee nor requested leave to proceed *in forma pauperis*. He appears to challenge the conviction entered on August 30, 2000, in the 357th District Court of Cameron County, Texas, for possession of marijuana. Cameron County is located within the United States District Court for the Southern District of Texas, Brownsville Division. *See* 28 U.S.C. § 124(b)(4). Accordingly, this Court is not the appropriate venue for Reyes's petition.

Under the venue provision governing federal habeas corpus petitions, 28 U.S.C.

---

[1] The petition names Anthony P. Troiani as the respondent. It appears that Troiani represented Reyes in his underlying criminal conviction. Under the Rules Governing Section 2254 Cases in the United States District Courts, only the state official having custody of the petitioner shall be named as the respondent. 28 U.S.C. foll. § 2254 Rule 2. Troiani is not the proper respondent, and so Janie Cockrell, as Director of the Texas Department of Criminal Justice, is substituted in his place.

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, Clerk

By_____
Deputy Clerk

§ 2241(d), a petition for habeas corpus relief from a state court conviction may be transferred to the district court where the state court which convicted and sentenced the petitioner is located. In this case, Reyes is clearly challenging a state court conviction entered in another division. More significantly, the Court notes that Reyes has filed other proceedings in that division already, including a habeas corpus action in *Reyes v. Cockrell*, No. 1:01cv0175 (S.D. Tex.), and a civil rights proceeding in *Reyes v. Troiani*, No. 1:01cv211 (S.D. Tex.). Reyes's pleadings in this case indicate he intended to file them in the "Brownsville Division." (Docket Entry Nos. 1 and 2). Because it appears that Reyes intended to file his pleadings in Brownsville, the Clerk is **ORDERED** to **TRANSFER** this case to the Clerk of the United States District Court for the Southern District of Texas, Brownsville Division.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on January 30, 2002.

KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE